NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAYA SINGH, KIRATPAL
KAUR, R.S.S.,

No. 24-3858

Petitioners,

Agency Nos.
A246-629-246A246-622-260A246-622-261

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2025**
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Daya Singh (Petitioner), his wife Kiratpal Kaur, and their minor child

R.S.S., natives and citizens of India, petition for review of the Board of

Immigration Appeals' (BIA) order affirming an immigration judge's (IJ) order

denying Petitioner's application for asylum, withholding of removal, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). Kaur and R.S.S. are derivative beneficiaries of Petitioner's asylum application. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions *de novo* and factual findings for substantial evidence. *Regalado-Escobar v. Holder*, 717 F.3d 724, 726–27 (9th Cir. 2013). We deny the petition.

1.      The agency's adverse credibility finding was based on "specific cogent reason[s]" supported by substantial evidence in the record, specifically Petitioner's change in demeanor when responding to questions. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (quotation omitted).

The BIA affirmed the IJ's finding that Petitioner was not credible because he responded readily, directly, and in an unemotional manner on direct examination, but when the IJ asked Petitioner follow-up questions, he became fidgety, bobbed his leg up and down, and appeared increasingly frustrated. Challenged about discrepancies in his testimony, Petitioner became nervous and reluctant to answer, which the IJ associated more with dishonesty than genuine anxiety.

An adverse credibility finding may rest on any one of the permissible grounds identified in the REAL ID Act, including the petitioner's demeanor, candor, or responsiveness. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Here, we conclude that the IJ's adverse credibility finding is supported

by substantial evidence because the IJ observed firsthand Petitioner's changes in behavior when responding to questions and when challenged about inconsistencies. These contemporaneous and detailed observations of Petitioner's demeanor constitute substantial evidence supporting the IJ's adverse credibility finding. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017).

2.      The BIA did not err by affirming the IJ's decision to afford limited weight to Petitioner's documentary evidence. A petitioner carries the burden of persuading the factfinder that the evidence offered is credible. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Petitioner submitted affidavits from interested parties, including his parents, alleged eyewitnesses, and members of his political party, none of whom were available for cross-examination. Petitioner also submitted medical records, at least one of which was prepared ten months after the second alleged attack. Finally, Petitioner submitted a letter from the Mann Party, which was acquired by his father. The IJ gave this letter little evidentiary weight because Petitioner had never met the political leader who signed the letter, did not actually know who wrote the letter, and was not present when it was signed. Petitioner's evidence "does not compel" the conclusion that he was entitled to asylum. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Petitioner does not raise any specific argument challenging the IJ's or the BIA's denial of withholding and Petitioner did not brief CAT protection to the BIA

or this Court, so he forfeited these claims. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (explaining that a petitioner must "specifically and distinctly" discuss the matter in his opening brief). Petitioner's asylum claims fail because the IJ's adverse credibility finding is supported by substantial evidence.

**PETITION DENIED.**